## Commonwealth v. Lew Stark, Inc., et al.

Sept. 26, 1939.

J. G. Vallandingham, Judge.

Hubert Meredith, Attorney General, Harry D. France, Assistant Attorney General, and H. Appleton Fedora for appellant.

G. A. Donaldson and J. L. Donaldson for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Reversing.

Oscar Wehner and Whitie Holtman were indicted by the grand jury of Carroll county, Kentucky, charging them with the offense of unlawfully, willfully, knowingly and feloniously storing alcoholic beverages; to wit, 91 cases of whiskey in a building in Carroll County, without first having paid to the Department of Revenue of Kentucky a license tax as required by law, and without having obtained a license so to do, as required by law, contrary to the Statutes of Kentucky, etc. They were tried and convicted in the Carroll Circuit Court and fined $150 each.

Before the trial judge entered any order adjudging the whiskey to be contraband and vesting title to it with the Alcoholic Beverage Control Board, as provided in Section 2554b-151, Carroll's 1938 Kentucky Statutes Service, the appellee, Lew Stark, Incorporated, by its attorney filed an intervening petition in the action of the Commonwealth v. Wehner and Holtman, alleging that it was a corporation created and organized under the laws of the State of Illinois, with power to contract and be contracted with, to sue and be sued, and to engage in the business of buying and selling intoxicating liquors at wholesale. It was further alleged that on the 19th day of July, 1938, the intervening petitioner, Lew Stark, Incorporated (hereinafter called the petitioner), purchased from James Walsh and Company, Incorporated, of Lawrenceburg, Indiana, 100 cases of alcoholic liquors, setting out the description of same in detail.

The petitioner further alleged that on the 19th day of July, 1938, the alcoholic liquors, referred to and described above, were loaded by James Walsh and Company and consigned to the petitioner at 612 North Michigan Avenue, Chicago, Illinois, loaded in a truck for the purpose of being transported from Lawrenceburg, Indiana, to the consignee, the petitioner herein, at its above address at Chicago, Illinois; that after the whiskey was so loaded at the distillery of James Walsh and Company at Lawrenceburg, Indiana, and consigned to the petitioner at its address stated above, said alcoholic liquors, without the knowledge, consent or approval of petitioner, or any of its officers, were taken into the State of Kentucky by the operator and driver of the truck transporting the same, and that on the 20th day of July, 1938, 91 cases of the said alcoholic liquors were seized without warrant by certain Highway Patrolmen of the State of Kentucky, when stored in a barn in Carroll County, Kentucky, all incident to and in connection with the arrest of the defendants, Wehner and Holtman, and the said liquors were by the officers so seizing same, delivered to the office of the sheriff of Carroll County, and the sheriff now has legal custody of the whiskey.

The petitioner further alleged that at no time since the purchase of said alcoholic beverages has any part of the same been sold, assigned or transferred to others by the petitioner, and that all of said alcoholic beverages are now the property of the petitioner, and has been continuously since July 19, 1938, and that on the 19th day

of July, 1938, when said alcoholic beverages were unlawfully taken from the possession of the petitioner, it was in the lawful possession of the same and that the transportation and removal of said alcoholic beverages into the State of Kentucky, was without the knowledge, consent or approval of the petitioner. The petitioner further alleged the value of the whiskey to be $907.85, and again averred that it was the owner of the 91 cases of said alcoholic beverages, which are being wrongfully detained from the petitioner and that none of the same had been taken for a tax or fine against the petitioner or under any order or judgment of the court against it or seized under an execution, attachment or distress warrant against the property of the petitioner.

The petitioner further alleged that it was at all times herein stated, and is now, duly licensed under the laws of the State of Illinois, to transport, possess and sell the alcoholic beverages, referred to and described in the petition, under Importers Permit No. 1-1000, and Illinois Importers Wholesale Permit No. C-715, "and that said alcoholic beverages, hereinbefore described, were unlawfully seized, when being lawfully shipped and transported in interstate commerce between two states in this nation, and that the holding of the alcoholic beverages, hereinbefore described, from the possession of this intervening petitioner is an unlawful interference with trade and commerce between two and more states in this nation over which the United States has constitutional jurisdiction," and prayed that the court order and direct that all of said alcoholic beverages be immediately delivered to the petitioner.

The Commonwealth of Kentucky by its Alcoholic Beverage Control Board filed a demurrer to the intervening petition and the demurrer being overruled, it declined to plead further, and the court entered a judgment ordering that the 91 cases of whiskey be delivered to the petitioner, from which judgment the commonwealth has appealed, insisting upon a reversal of same on the ground that the court erred in overruling its demurrer to the intervening petition.

As we have already noted, the petitioner, appellee, alleged that it was duly licensed under the State of Illinois, to transport, possess and sell alcoholic beverages, and specifically set out its importers and wholesale permits under the State of Illinois; but, appellee failed to allege that it has, or had, at the time in question, a basic

permit from the Federal Alcoholic Administrator, authorizing it "To sell, offer or deliver for sale, contract to sell, or ship, in interstate or foreign commerce, directly or indirectly or through an affiliate, distilled spirits, wine, or malt beverages so imported * * * or * * * to receive or to sell, offer or deliver for sale, contract to sell, or ship, in interstate or foreign commerce, directly or indirectly or through an affiliate, distilled spirits, wine, or malt beverages so purchased," as provided in Section 203, U. S. C. A. Title 27 (1938).

In Hauenstein v. Lynham, 100 U. S. 483, 490, 25 L. Ed. 628, it is said:

"It must always be borne in mind that the Constitution, laws and treaties of the United States are as much a part of the law of every State as its own local laws and Constitution."

It is thus seen that appellee, in failing to comply with the Federal laws, referred to above, likewise failed to the extent that the Federal laws are part of the state laws, to comply with the state laws—Illinois, Indiana and Kentucky—and since it failed to show that it had complied with the laws of the country, governing the transportation of alcoholic beverages, the purported or attempted shipment of the whiskey in question from Indiana to Illinois, was illegal, and illegally brought into Kentucky, it follows that it had no title to the whiskey or right of possession thereto.

Appellee makes the allegation that it is lawfully entitled to the immediate possession of the whiskey, but this is a mere conclusion not supported by facts sufficiently pleaded.

The demurrer to the petition admitted the truth of all facts properly pleaded, but a demurrer does not admit conclusions of law. This rule is too well-known to the legal profession to require citations of authority.

It is our conclusion, therefore, that appellee failed to show itself entitled to the relief sought in its intervening petition, and the court erred in overruling the demurrer thereto. These conclusions make it unnecessary to discuss or determine other questions raised, all of which are reserved.

For reasons stated, the judgment is reversed and remanded with directions to set it aside and to sustain the demurrer to the intervening petition.